MAYOR AND ALDERMEN OF DYERSBURG, COMPLAINANT, AP-
PELLANT, *v.* P. T. ANDERSON *et al.*, DEFENDANTS,
APPELLEES.

(*Jackson,* April Term, 1932.)

Opinion filed June 18, 1932.

LATTA & LATTA and R. E. RICE, for complainant, appellant.

MR. JUSTICE COOK delivered the opinion of the Court.

The charter of Dyersburg, chapter 410, Acts of 1903, section 20, provided for enforcement of the municipality's lien for taxes on land by a judgment and execution. Chapter 782, Private Acts of 1917, amending the charter, provides that the delinquent list of taxable property shall be turned over to a delinquent tax collector appointed by the mayor and aldermen, these lists to have the force and effect of an execution as against personal property. In respect to delinquent land taxes the Act provides:

"When the said tax collector shall not find within the corporation personal property of value sufficient to meet the taxes of any person on the list, he shall advertise the real estate of said person, to be found within the corporate limits, and sell the same to the highest bidder for

cash, . . . and the proceeds of the sale shall be applied, first to the payment of taxes, penalties and costs, . . . property sold may be redeemed at any time within two years of date of sale.''

The mayor and aldermen did not pursue the provisions of the charter nor of chapter 77, Acts of 1923, relating to the procedure in delinquent tax cases. It filed a bill, as in *State* v. *Duncan,* 3 Lea, 680, to enforce the lien for taxes against the several parcels of land described in exhibits to the bill.

The chancellor ordered the land sold subject to the right of redemption. It was offered for sale by the Clerk & Master and his report shows that Dyersburg bid $1 for lot assessed to Lena Bailey, $1 for lot assessed to Asbury Barnes, $1 for lot assessed to Tennie Barnett, $1 for lot assessed to Louis Barnes, and $1 for lot assessed to Walter May Barnett heirs.

The report of sale was confirmed and the title vested in Dyersburg as the purchaser subject to the right of redemption. The decree confirming the report of sale concluded with the statement:

''The lien on said property for taxes, State, county and municipal, is transferred from the property described in said report to the fund accruing in this case at said sale, and to the advanced bid, and the Clerk & Master will pay the said fund accruing at said sale in discharge of said taxes as the law provides.''

The report of the Clerk & Master disclosed tax liens as follows:

''Lena Bailey lot, State and county, $39.40; municipal, $33.88.

''Asbury Barnes, municipal, $21.10.

"Tennie Barnett, State and county, $26.45; municipal, $31.78.

"Louis Barnes, State and county, $72.00; municipal, $73.40.

"Walter May Barnett heirs, municipal, $23.00."

After confirmation of the bid Dyersburg, invoking section 3814 of Shannon's Code, sought to advance the bid as may be done by a purchasing judgment creditor, with an equal or prior lien on the land, by depositing with the Clerk & Master receipts in full for the municipal taxes. The Master refused to accept the receipts and thereupon advance the bid. Dyersburg then filed the petition in this case, setting forth that it had paid $1 each on the several lots and thereafter offered to advance the bid on each lot and had tendered receipts of the Clerk & Master in full satisfaction of its judgments against each of the several delinquents; and that the Clerk & Master had refused to accept the receipts on the advanced bid.

Dyersburg asked for a mandatory order requiring the Clerk & Master to accept the receipts tendered and to advance the bids. The chancellor refused to grant the order, saying:

"In any instance wherein the State and County taxes past due and a lien are less than the amount of petitioner's advanced bid, upon petitioner paying, in cash, a sufficient sum to pay costs and the State and County taxes which are a lien, you will accept receipt for the balance of the advanced bid in that particular instance. In any instance where the costs and the State and County taxes which are a lien exceed the amount of the bid as advanced, you will require the purchaser to pay in the full amount of the bid as advanced."

Petitioner appealed and insists that the advanced bid tendered by it should have been accepted.

Under section 66, chapter 602, Acts of 1907, delinquent taxes derived from the sale of lands were distributed to the State, counties and municipalities, respectively. This provision rested upon the presumption that all taxes and costs would be realized from a sale of the land. Section 53 of the Act forbade a sale of the land for less the amount of taxes and charges. If less than the amount of taxes and charges was paid, it was made the duty of the agent representing the State to bid in the land for the State; and it was provided that land so purchased be held by the State until redeemed or repurchased by payment of a sum sufficient to cover the taxes, State, county and municipal. Because of this provision of the Act of 1907 no preference was given the State in the distribution of taxes.

The Act of 1907, as amended by chapter 115, Acts of 1921, changed the procedure for the enforcement of delinquent taxes on land. Instead of requiring the trustees to sell to enforce payment of delinquent State, county and municipal taxes, the amendatory Act provided that they should turn over the delinquent lists to the Comptroller of the Treasury. The Comptroller was required to cause the revenue agent to file bills to recover all delinquent taxes whether State, county or municipal, and by the amendatory Act it was made the duty of the Clerk & Master to bid on behalf of the State the full amount of all taxes due on the property, together with the amount of costs, penalties and fees. If bid in for the State under the foregoing provision, the Comptroller could subsequently adjust the State's claim for taxes along with that of the counties and municipalities.

It will be observed by reference to the Act of 1907 and the amendatory Act of 1921 that they embody a complete plan for the collection of delinquent revenue due not only the State but the counties and municipalities of the State. The amendatory Act expressly provides that the money derived from the sale of the property shall be applied first to payment of the State taxes, second the county taxes, and third municipal taxes. While this priority is expressly given by the Act, a provision of the Act forbids the Comptroller to make any compromise for a sum less than the entire amount of taxes due, with the result of protecting both the counties and municipalities.

While chapter 77, Acts of 1923, does not purport to amend the Act of 1907, the provisions of the two Acts, although not antagonistic, must be construed *in pari materia.*

The Act of 1923 provides for a proceeding in the circuit or chancery court to be instituted by an attorney appointed by the county judge and trustee through which all delinquent taxes, whether due the State, county or municipality, may be collected. This Act provides that the net proceeds derived from a sale for taxes be prorated to the State first, the county second, and the municipality third. So express provision is made in the three Acts referred to for the protection of the State and for the protection of counties and municipalities. By the last Act referred to, the clerk of the court authorized to make the sale is required to bid the debt due for delinquent taxes when no other bidder offers more and the Act further provides that costs, fees or taxes shall not become a charge against the State, where the State is the bidder, until the State realizes on the property.

■ Chapter 77, Acts of 1923, was in force when the decree of the chancellor was entered. Its provisions were carried into the new Code, section 1591. It is clear from the language as well as the context of the Act referred to that the tax lien of the State is prior to the liens of either the counties or the municipalities of the State. Should the complainant, town of Dyersburg, be permitted to revert to the statutory right of redemption under Shannon's Code, section 3814, new Code, section 7739, the result would be to give the municipality priority over the State and the county in the collection of its taxes, for in *Nashville* v. *Lee,* 12 Lea, 452, it is said that the purchaser at a tax sale, when the amount bid is insufficient to pay all taxes, takes the land relieved of all unpaid taxes. So the effect would be to limit the State's claim to the one dollar paid by complainant on each of the several tracts sold for taxes under its bill or to require the State to repay the aggregate of the municipality's advanced bid.

■ We think it clear that the municipality could not, by advancing its bid, secure satisfaction in whole of its debt, which is but a secondary lien, to the exclusion of the rights of the State and county, both having superior liens by the Act of 1923. *Cooper* v. *Bank,* 5 Baxt., 636.

We concur in the decree of the chancellor.